IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


T.C. MATHIS                                                                                      PLAINTIFF
*On behalf of*
A MINOR CHILD, K.M.


vs.                                        Civil No. 1:07-cv-01080


MICHAEL J. ASTRUE                                                                    DEFENDANT
Commissioner, Social Security Administration


**ORDER**

Pending now before this Court is Plaintiff's Application for an Award of Attorney's Fees and

Other Expenses under the Provisions of the Equal Access to Justice Act ("EAJA").  (Doc. No. 14).[1]

Defendant has responded to this Motion and has no objections to this application.  (Doc. No. 16).

The parties have consented to the jurisdiction of a magistrate judge to conduct any and all

proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and

conducting all post-judgment proceedings.  (Doc. No. 4).  Pursuant to this authority, the Court issues

this Order.

**1. Background:**

T. C. Mathis ("Plaintiff") appealed to this Court from the Secretary of the Social Security

Administration's ("SSA") denial of his request for Supplemental Security Income ("SSI") for minor

child K.M. under Title XVI of the Act.  (Doc. No. 1).  On July 31, 2008, this Court reversed and

remanded Plaintiff's case pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. No. 13).  On

December 10, 2008, Plaintiff filed the present Motion requesting an award of attorney's fees under

the EAJA.  (Doc. No. 14).  With this Motion, Plaintiff requests an award of attorney's fees of

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."

$2,965.04, representing 23.30 hours of attorney work performed at the rate of $125.00 per hour in addition to $52.54 in expenses. *See id.* Defendant responded to this Motion on December 11, 2008 and has no objections. (Doc. No. 16).

## 2. Applicable Law:

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Secretary's position in denying benefits was substantially justified. The Secretary has the burden of proving that the denial of benefits was substantially justified. *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986) ("The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified"). An EAJA application also must be made within thirty days of a final judgment in an action, *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty day time for appeal has expired. *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, the plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)). The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee."...."Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits."

*Id.*  Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to

shift to the United States the prevailing party's litigation expenses incurred while contesting

unreasonable government action. *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour.  *See* 28 U.S.C. §

2412(d)(2)(A).  A court is only authorized to exceed this statutory rate if "the court determines that

an increase in the cost of living or a special factor, such as the limited availability of qualified

attorneys for the proceedings involved, justifies a higher fee." *Id.*  A court may determine that there

has been an increase in the cost of living, and may thereby increase the attorney's rate per hour,

based upon the United States Department of Labor's Consumer Price Index (CPI).  *See Johnson v.*

*Sullivan,* 919 F.2d 503, 504 (8th Cir. 1990).

### 3. Discussion:

In the present action, Plaintiff's case was remanded to the SSA.  (Doc. No. 13).  Defendant

does not contest Plaintiff's claim that he is the prevailing party, does not oppose his application for

fees under the EAJA, does not object to the hourly rate requested, and does not dispute the number

of hours expended by counsel.  (Doc. No. 16).  The Court construes this lack of opposition to this

application as an admission that the government's decision to deny benefits was not "substantially

justified" and that Plaintiff is the prevailing party.

Plaintiff requests a total award of $2,965.04 under the EAJA.  (Doc. No. 14).  Plaintiff

requests attorney's fees at a rate of $125.00 per hour for 23.30 hours of attorney work in addition to

expenses in the amount of $52.54.  *See id.*  This hourly rate of $125.00 per attorney hour is

authorized by the EAJA.  *See* 28 U.S.C. § 2412(d)(2)(A).  Therefore, this Court finds that Plaintiff

is entitled to an hourly rate of $125.00 per attorney hour.  Further, I have reviewed counsel's

itemization of time appended to Plaintiff's application.  (Doc. No. 15, Ex. A).  This Court notes that

Defendant has not objected to the number of hours for which counsel seeks a fee award, and this

Court finds the time asserted to be spent in the representation of Plaintiff before the district court is

reasonable.  Thus, this Court finds that Plaintiff is entitled to an attorney's fee award under EAJA

in the amount of $2,965.04, representing 23.30 hours of attorney work at an hourly rate of $125.00

in addition to $52.54 in expenses.

## 4. Conclusion:

Based upon the foregoing, the Court awards **$2,965.04** pursuant to the EAJA, 28 U.S.C. §

2412.

**ENTERED** this **22nd day of December, 2008.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE